Filed 8/10/23 P. v. Muro CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD MURO,<br><br>        Defendant and Appellant. | B324449<br><br>(Los Angeles County<br>Super. Ct. No. TA155531) |

        APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge. Sentence vacated with directions.

        Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Richard Muro appeals from a judgment of conviction after pleading no contest to possessing a firearm after conviction of a specified violent offense, in violation of Penal Code section 29900, subdivision (a)(1).[1]  Muro pleaded no contest pursuant to a plea agreement that called for the trial court to impose the middle term of two years.  The trial court, however, sentenced him to the upper term of three years.

Here's how that happened:  When Muro pleaded no contest and agreed to serve a two-year prison term, the trial court, at Muro's request, continued sentencing for 60 days to allow Muro to settle his personal affairs before beginning to serve his sentence.  The prosecutor and the court warned Muro that, if he did not return in 60 days for sentencing, his plea would be an "open plea"[2] and that the court could sentence him to the upper term of three years.  Muro did not appear at the sentencing hearing.  He eventually appeared in court two months later, but only after he had been arrested in connection with a different criminal investigation.  At that time, the trial court sentenced Muro to prison for three years.  The court stated it was imposing the upper term because violating section 29900, subdivision (a)(1), was a "serious" offense; the court had warned Muro it would impose the upper term if he did not appear for sentencing; and the only reason Muro appeared for sentencing

---

[1]     Statutory references are to the Penal Code.

[2]     "An open plea is 'a plea unconditioned upon receipt of a particular sentence or other exercise of the court's powers.'" (*People v. Conerly* (2009) 176 Cal.App.4th 240, 245.)

was that the police had arrested him while investigating another crime.

Muro argues that the trial court, in imposing the upper term, violated section 1170, subdivision (b), because the People did not prove beyond a reasonable doubt, and Muro did not stipulate to, any aggravating circumstances. We vacate his sentence and direct the trial court to resentence Muro in accordance with section 1170, subdivision (b).

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Muro Pleads No Contest to Possessing a Firearm After Conviction of a Specified Violent Offense*

The People charged Muro with possessing a firearm after conviction of a specified violent offense, in violation of section 29900, subdivision (a)(1). The People alleged that Muro had three prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (i)-(j), 1170.12) and that Muro committed the offense while on parole after serving a prison term for residential burglary.

On March 24, 2022 Muro pleaded no contest (but did not admit the allegations). The court accepted Muro's plea and, pursuant to a plea agreement with the People, the court indicated it would sentence Muro to a prison term of two years, the middle term. On the People's motion, the court struck the allegations under the three strikes law.

At Muro's request, the court gave him 60 days to arrange his affairs before serving his sentence. The court warned Muro that, if he did not return to court in two months to begin serving his sentence, he "could be looking at three years." The

3

prosecutor, at the court's direction, advised Muro that, if he did not appear for sentencing in 60 days, his plea "would be treated as an open plea, and the court could sentence [him] up to the full three years that's available for this conviction."  The court set the sentencing hearing for May 24, 2022.

B.  *The Trial Court Sentences Muro to the Upper Term of Three Years*

Muro did not appear in court on May 24, 2022, and the trial court issued a bench warrant for his arrest.  Nearly three months later, on August 18, 2022, Muro appeared in court involuntarily, after he had been arrested in connection with the investigation of another crime.  The court observed that Muro only had appeared in court because police officers had arrested him and discovered there was a bench warrant for his arrest.

The court and the prosecutor discussed whether, to impose the upper term of three years, the People and the court had to comply with section 1170, subdivision (b).  The prosecutor stated that he thought the court could sentence Muro to three years, but that he did not recall whether at the prior hearing he had "proved aggravating factors" or "took [Muro's] admission of aggravating factors."  Referring to the requirements of section 1170, subdivision (b), for imposing the upper term, the trial court stated, "I don't think that process was being done."  Nevertheless, the court, referring to its ability to impose the upper term, stated it had "thoroughly explained not only to Mr. Muro, but on every single case, those are the potential consequences."  Counsel for Muro argued the court could not impose the upper term because Muro did not admit, and the People did not prove beyond a reasonable doubt to a jury, any aggravating circumstances, as

4

required by section 1170, subdivision (b).  The court stated it could impose the upper term, despite section 1170, subdivision (b), because a violation of section 29900, subdivision (a)(1), was a "serious" offense; the court had warned Muro that the court could impose the upper term if he did not appear for sentencing on May 24, 2022; and the only reason Muro had appeared in court was that he had been arrested.

The trial court proceeded to sentence Muro to the upper term sentence of three years for possessing a firearm after conviction of a specified violent offense.  Muro timely appealed.

## DISCUSSION

A.      *Section 1170, Subdivision (b)*

Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b), to state:  "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).  (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  Section 1170, subdivision (b)(3), allows the court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (See *People v. Flowers*

5

(2022) 81 Cal.App.5th 680, 685, review granted Oct. 12, 2022, S276237.)

### B. *The Trial Court's Sentence Did Not Comply with Section 1170, Subdivision (b)*

As Muro correctly points out, the People did not prove to a jury or the court beyond a reasonable doubt, and Muro did not stipulate to, any aggravating circumstances, as required by section 1170, subdivision (b). The only way the court could have imposed the upper term under section 1170, subdivision (b), was to rely on Muro's prior convictions. (See § 1170, subd. (b)(3).) The People argue that's what the court did by stating, "The fact [is] that [Muro] was charged with what I would consider a serious case, a felon with a gun with a prior violent felony conviction . . . . The court is going to sentence him to the [upper] term of three years." The People's argument, however, is based on a misreading of the record.

The trial court did not rely on a prior conviction to impose the upper term. The trial court gave three reasons for imposing the upper term: (1) how Muro "got to court" (i.e., involuntarily), (2) Muro "knew the consequences" if he did not appear for sentencing, and (3) the seriousness of the case. When the court described the offense Muro had committed as "a felon with a gun with a prior violent felony conviction," the court was referring to the definition of the crime Muro admitted he had committed: a violation of section 29900. The court was not relying on a prior felony conviction to impose the upper term.

Moreover, the court essentially admitted it was not complying with section 1170, subdivision (b). When counsel for Muro argued the court could not impose the upper term without

6

complying with section 1170, subdivision (b), the trial court stated: "I believe in this circumstance, though, my justification is outside that specific statute, and there are circumstances such as his failure to appear, and the reason why he is in court almost three months later is because he not on his own but [because] he was brought in based on another investigation, . . . and the seriousness of the case." The court did not impose the upper term based on Muro's prior conviction or for any reason authorized by section 1170, subdivision (b); the court imposed the upper term for reasons it believed were "outside" the statute.

Citing *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, the People argue section 1170, subdivision (b), did not apply because Muro agreed the court could impose the upper term if he did not appear for sentencing on May 24, 2022. (See *Mitchell*, at p. 1059 [where the defendant stipulates the court may impose the upper term, the People do not need to prove aggravating circumstances pursuant to section 1170, subdivision (b), because the trial court does not exercise any discretion in imposing the sentence].) *Mitchell* is distinguishable. Unlike the plea agreement in *Mitchell*, which "included" the upper term on one of the defendant's convictions (*Mitchell*, at p. 1055), the plea agreement here called only for the middle term. At the March 24, 2022 hearing the prosecutor explained that, if Muro did not return for sentencing, his plea "would be treated as an open plea," and the court explained that, if he failed to appear, he could be "looking at" or "subject to" a sentence of three years. By failing to appear for sentencing on May 24, 2022, the plea agreement was no longer in effect because Muro had violated a material term of the deal. Once Muro's plea became an open plea, the trial court had to decide whether to

7

sentence Muro to the upper, middle, or lower term on his plea. (See *People v. Henderson* (2021) 67 Cal.App.5th 785, 788 ["An open plea is one under which there is no promise about the nature or duration of the defendant's sentence."]; *Polanski v. Superior Court* (2009) 180 Cal.App.4th 507, 553, fn. 31 [an open plea is one "taken without any negotiations or promises as to punishment"].)

C. *The Trial Court's Error Was Not Harmless*

The Supreme Court has granted review in *People v. Lynch* (May 27, 2022, C094174) [nonpub. opn.], review granted Aug. 10, 2022, S274942, to decide what standard of prejudice a reviewing court should apply when determining whether to remand a case for resentencing under amended section 1170, subdivision (b). Until the Supreme Court resolves the issue, we apply the two-step harmless error analysis in *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1111-1112, and *People v. Lopez* (2022) 78 Cal.App.5th 459, 465-467. First, we evaluate whether the Sixth Amendment error is harmless under the standard of *Chapman v. California* (1967) 386 U.S. 18 [87 S.Ct. 824], as formulated by the Supreme Court in *People v. Sandoval* (2007) 41 Cal.4th 825: "'[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury, the Sixth Amendment error properly may be found harmless.'" (*Id.* at p. 839.) Second, we apply the harmless-error standard of *People v. Watson* (1956) 46 Cal.2d 818 to evaluate state law error by considering "whether it is reasonably probable that the trial court would have chosen a

lesser sentence in the absence of the error." (*Zabelle*, at p. 1112.) As the court in *Zabelle* explained, "[r]esolving this issue entails two layers of review. We must first, for each aggravating fact, consider whether it is reasonably probable that the jury would have found the fact not true. We must then, with the aggravating facts that survive this review, consider whether it is reasonably probable that the trial court would have chosen a lesser sentence had it considered only these aggravating facts." (*Ibid.*)

The People argue the trial court's failure to comply with section 1170, subdivision (b), was harmless because the jury would have found true beyond a reasonable doubt several aggravating circumstances, such as the facts (indicated in the probation report) that Muro was on parole when he committed the crime and that he had not performed satisfactorily on parole. (See Cal. Rules of Court, rule 4.421(b)(4), (5).) We cannot conclude the trial court's failure to comply with section 1170, subdivision (b), is harmless because the trial court did not rely on or even mention either of these circumstances in imposing the upper term. (See *People v. Zabelle*, *supra*, 80 Cal.App.5th at p. 1112 [in evaluating the first step of the harmless error analysis, the reviewing court asks whether "the jury would have found true at least one of the aggravating circumstances that the trial court relied on"]; *People v. Lopez*, *supra*, 78 Cal.App.5th at p. 467, fn. 11 ["the initial relevant question for purposes of determining whether prejudice resulted from failure to apply the new version of the sentencing law is whether the reviewing court can conclude beyond reasonable doubt that a jury would have found true beyond a reasonable doubt all of the aggravating factors on which the trial court relied" (italics omitted)].) The trial court gave

9

reasons for imposing the upper term, but they were not that Muro was on parole or that he had not done well on parole, and the People cite no cases holding a violation of section 1170, subdivision (b), can be harmless based on findings the trial court did not make. As discussed, the court stated it was imposing the upper term because Muro did not appear for sentencing after he was warned of the "potential consequences" of doing so, Muro came to court involuntarily after his arrest, and the charge against him was "serious." None of these circumstances is a factor in aggravation under California Rules of Court, rule 4.421.[3]

---

[3] California Rule of Court, rule 4.421(c) provides the trial court may also consider "[a]ny other factors statutorily declared to be circumstances in aggravation or that reasonably relate to the defendant or the circumstances under which the crime was committed." The trial court did not cite this rule, and the People do not argue it applies.

10

## DISPOSITION

Muro's sentence is vacated. The trial court is directed to resentence Muro in accordance with section 1170, subdivision (b).


SEGAL, J.

We concur:


PERLUSS, P. J.


FEUER, J.